## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Crim. No. 05-2-P-H |
| ) | |
| JOSHUA TELLIER, ) | |
| ) | |
| Supervised Releasee ) | |

### ORDER

Pursuant to previous order, a release hearing was held this date, in response to the supervised releasee's request, for the purpose of determining whether he is eligible for release pending a revocation hearing. *See* Fed. R. Crim. P. 32.1(a)(6). The standards governing release in these circumstances are those prescribed in 18 U.S.C. § 3143(a). Thus, Tellier is entitled to be released if he establishes, by clear and convincing evidence, that he is not likely to flee or pose a danger to the safety of any other person or the community if released under 18 U.S.C. § 3142(b) or (c).

Tellier was placed on supervised release on May 19, 2005 following his conviction in this court for distribution of heroin. At his initial appearance earlier this week on the instant petition for revocation of supervised release, Tellier waived his right to a preliminary examination and conceded that there is probable cause to believe that he has violated Conditions 2 and 3 of his supervised release, as alleged in the petition, and to hold him for a revocation hearing. Thus, there is probable cause to believe that on June 14, 2007, at the time of an unannounced evening home visit, two U.S. probation officers detected a strong odor of marijuana emanating from Tellier's apartment, that Tellier denied any drug use, that he was instructed to report to the Probation Office the next day for drug

testing, that he failed to report as instructed, that Probation was unable to contact him after June 15, 2007 despite numerous calls to and messages left on his cellular and work telephones, that when he finally returned these calls on June 22, 2007 and was instructed to report for drug testing that same date, he failed to report notwithstanding his assurance to Officer Ryan Petroff at the time that he would do so.

At the release hearing, testimony revealed that (i) at the time of his arrest on July 16, 2007, Tellier was residing with his brother-in-law, Shawn Gagnon, at a Biddeford, Maine address different from the Biddeford address on file with the Probation Office; (ii) that he was then employed by Gagnon, rather than the employer for whom he most recently advised Probation he was working; (iii) at the time of his arrest Tellier stated to Knightly that he had used heroin the previous evening and was going through withdrawal; and (iv) although Gagnon did not know that Tellier was using drugs in Gagnon's residence, he was aware that Tellier was using drugs on the outside because he observed him to be under the influence of drugs on at least two occasions when he picked him up elsewhere and brought him home.

The presentence report states that Tellier first used marijuana around age 14 and heroin at age 19, that he had used heroin just prior to his arrest on September 29, 2004,[1] and that, despite having twice participated in substance abuse treatment programs, he continued to use marijuana and/or opiates during his pretrial release and supervision.[2]

Tellier proposes that he be released on conditions that include a requirement that he reside with his brother-in-law Shawn Gagnon, that he continue to work for Gagnon in Gagnon's property maintenance business, that he be supervised by Gagnon and that he otherwise be on home detention.

---

[1] At the time of his arrest, Tellier was just a week shy of his 23rd birthday.
[2] According to the presentence report, Tellier tested positive for marijuana on four separate occasions and tested positive for morphine

While I doubt that Tellier poses a serious risk of flight, I cannot say, on the record before me, that he has established by clear and convincing evidence that, with available conditions, he is not likely to flee. More important, however, is Tellier's obvious continuing substance abuse, including abuse of opiates. At the least, his unlawful use of controlled substances helps to maintain a market that fosters a continuation of illegal drug supply and use which remains a scourge on the community. Given his history of substance abuse, including during his pretrial and current supervised release when expressly prohibited from possession of use of controlled substances, I can only conclude that he has failed to establish by clear and convincing evidence that he is not likely to pose a danger to the safety of the community if released on conditions he has proposed or otherwise pursuant to 18 U.S.C. § 3142(b) or (c).

The supervised releasee is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The supervised releasee shall be afforded a reasonable opportunity for private consultation with his counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the supervised releasee to the United States Marshal for the purposes of an appearance in connection with a court proceeding.

Dated this 19th day of July, 2007.

/s/ David M. Cohen
David M. Cohen
United States Magistrate Judge

---

use once.